**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-02470-hb**

# ORDER APPROVING SUPPLEMENTAL FEES AND RECOVERY OF ATTORNEY'S FEES PURSUANT TO 11 U.S.C. § 523(D)

The relief set forth on the following pages, for a total of 18 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/29/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 08/29/2011

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-02470-HB |
| | Chapter 13 |
| Donald Lee Malone and Sonya Gaines Malone, | **ORDER APPROVING SUPPLEMENTAL FEES AND RECOVERY OF ATTORNEY'S FEES PURSUANT TO 11 U.S.C. § 523(D)** |
| Debtor(s). | |

THIS MATTER comes before the Court upon the request, filed by Debtors' counsel, for approval and payment of fees and costs. Debtors assert that additional fees of $11,352.00 are warranted[1] due to counsel's successful objection to the status of First Citizen Bank & Trust's claims and defense of a related adversary proceeding initiated by the Bank.[2] If the additional fees and costs are approved[3], counsel would be entitled to seek payment of those fees from the Debtors or through the Chapter 13 plan. Debtors and their counsel, with the support of the Chapter 13 Trustee, concurrently ask that the Court assess a portion of those ($8,360.00) incurred as a result of Debtors' defense of the

---

[1] *Supplemental Fee Application and/or Motion for Recovery of Attorney's Fees Pursuant to 11 U.S.C. § 523(d)* ("Motion") (Doc. Nos. 84 & 85). The *Supplemental Application* (Doc. No. 84) and *Motion for Recovery of Attorney's Fees Pursuant to 11 U.S.C. § 523(d)* (Doc. No. 85) are identical and hereafter will be treated as one motion. *See also Objection to Supplemental Fee Application and/or Motion for Recovery of Attorney's Fees Pursuant to 11 U.S.C. § 523(d)* ("Objection") (Doc. No. 92), *Reply Memorandum to Objection of First Citizens Bank* (Doc. 95), *Response to Supplemental Attorney Fee Application* (Doc. No. 98). The request for supplemental fees represents 51.6 hours of time at the rate of $220 per hour, to which Debtors did not object. Detailed time records were provided. *See* Doc. No. 84, Ex. Statement of Time.
[2] *First Citizens Bank & Trust v. Malone*, Adv. Pro. No. 10-80099-HB (Bankr. D.S.C. July 2, 2010).
[3] Amended Operating Order No. 09-01 provides that a party must follow the supplemental fee procedure in a chapter 13 case. That order requires that:
> If expressly authorized by a conspicuous provision of a written fee agreement attached to the Statement, the debtor(s) and attorney may agree to supplemental compensation of the attorney for additional work necessary as a result of any matters involving the default under or variance from the terms of the confirmed plan, adversary proceedings, appeals or for other complicating factors not present in the typical chapter 13 case.

Am. Oper. Or. 09-01 (Feb. 20, 2009).

1

adversary proceeding against the Bank.[4]  The Bank objected to the requests, regardless of the source of payment.

## FACTS

In this bankruptcy case and the related adversary proceeding, an overabundance of motions, objections, replies and complaints have passed between the Debtors and the Bank.  The attached charts contain the Court's effort to illustrate some of the disputes, and attempt to name a "prevailing party" in various matters.[5]

These disputes surfaced when Debtors filed a voluntary petition for relief under Chapter 13 on April 5, 2010, listing Bank as a creditor.  More than sixteen months later, a review of the case docket does not yet reveal an order confirming the Debtors' Chapter 13 plan.  The Court's last ruling on that matter, entered on September 10, 2010, denied confirmation but granted the Debtors ten (10) days to file a plan that included a secured claim in favor of Bank in the amount of $8,199.32.[6]  Since that decision, the plan and schedules have each been amended four times.

Part of the delay likely results from the Bank's adversary proceeding, initiated to except certain debts from discharge pursuant to 11 U.S.C. § 523(a)(2), (4), and (6).[7]  The

---

[4] The time records submitted by counsel indicate that thirty-eight (38) hours of the time approved herein was spent on the defense of the adversary proceeding and that his hourly rate is $220.00.  Therefore, at the appropriate time, Debtors are entitled to a judgment against Bank for attorneys fees in the amount of $8,360.00.

[5] *See infra* at 16-17.

[6] Bank holds additional unsecured claims per proofs of claim filed and the Court determined their secured status.

[7] The relevant provisions of § 523(a) provide that a discharge under § 1328(b) does not discharge an individual debtor from any debt:
>   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>    (B) use of a statement in writing—
>    (i) that is materially false;
>    (ii) respecting the debtor's or an insider's financial condition;
>    (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

2

Bank asserted that a debt originally secured by a home equity line of credit ("HELOC") was nondischargeable, due to continual draws on the HELOC after the home that secured the loan was sold. From the allegations of the Complaint, it is clear that Mr. Malone was the sole owner of the property originally securing the debt and that the HELOC was obtained solely by him.[8] Despite this, Bank named *both* Debtors as Defendants in the adversary proceeding and asserted that "***the Defendants*** obtained money, or an extension, renewal or refinancing of credit by using false pretenses, a false representation, or actual fraud *insofar as they continued to use the existing HELOC* after the Subject Property was sold . . ."[9]

It is undisputed that Mr. Malone made draws on the HELOC after the property securing the debt was sold and that the collateral is no longer available to secure the resulting debt. However, it is not clear that this situation warranted the filing of a Complaint to except the debt from discharge. Under the HELOC note, the borrower promised "not to use check(s) to obtain or try to obtain Advances from [lender] or anyone

---

      (iv) that the debtor caused to be made or published with intent to deceive . . .
  . . . .
  (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .
  . . . .
  (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
11 U.S.C. § 523(a).
  Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, will be by section number only.
[8] *See* Compl., Doc. No. 1 at 3, ¶ 3, Adv. Pro. No. 10-80099-HB (stating that "Defendant Donald Lee Malone obtained a . . . HELOC . . . secured by Lot 40 Hampton Ridge, ("Subject Property") as evidenced by the note attached . . .").
[9] *Id.* at 4, ¶ 22 (emphasis added); *see also id.* at 4, ¶ 14 (alleging that "*the Defendants* should have known that the account that was secured by the Subject Property *he* no longer owned, should have been closed, but *he* willfully began taking substantial advances…") (emphasis in original).

3

else when [Debtor's] privileges have been cancelled, suspended or otherwise withdrawn by [*lender*]. . . ."[10] Further, the mortgage securing the note provided that:

> At *the option of the Lender*, the indebtedness secured by this Mortgage shall become due and payable if, without the written consent of the Lender, the Mortgagor shall convey away the mortgaged premises, or if the title shall become vested in any other person in any manner whatsoever (to include a Sales Contract) other than by death of the Mortgagor . . .[11]

The adversary complaint alleges that the draws on the HELOC continued for years after the property was sold, which clearly indicates that the lender did not exercise its option to declare the mortgage due and payable or to cancel the HELOC. Bank alleges that this option was never exercised because it was not made aware of the sale of the property securing the HELOC.

The record indicates that at one point the Debtors requested a "payoff" for the loan and Bank provided that information to an attorney. Thereafter, Bank received and applied the sum of $34,944.77 toward the $35,000.00 credit line.[12] The record in the case and the adversary proceeding includes the testimony of Defendants, stating that they continued to receive checks from Bank after the property was sold. Defendants used those checks to borrow funds on the HELOC as needed, with the intention to repay amounts borrowed. The testimony also indicated that Defendants did not realize that there was a problem as a result of the sale of the property or that they needed to do more to notify the Bank of the changed circumstances.[13] For some reason that has not been

---

[10] *Id.*, Ex. A at ¶ 6 (emphasis added).
[11] *Id.*, Ex. B at ¶ 7 (emphasis added).
[12] *Id.* at 2, ¶ 6.
[13] Testimony on behalf of Debtors was offered at hearings related to confirmation of the plan and dismissal of the bankruptcy case.

4

completely explained (since the matter never made it to trial), there is a recorded satisfaction of the Bank's lien filed on the public record.[14]

Early in the adversary proceeding, as a result of Debtors' Rule 12(b)(6) Motion[15], the Court dismissed all claims asserted in the adversary proceeding against Ms. Malone. The allegations of Bank's own Complaint stated that Ms. Malone did not sign the note or mortgage and no allegations therein lead to a conclusion that she was responsible for the debt. The Court also found in favor of Mr. Malone in part, dismissing the § 523(a)(2)(B), (4) and (6) actions against him pursuant to Rule 12(b)(6).[16] After October 1, 2010, only the § 523(a)(2)(A) claim asserted against Mr. Malone remained.

Thereafter on May 5, 2011, after the matter had been pending for a little less than a year, Mr. Malone filed his second Motion to Compel discovery responses from the Bank and for sanctions. The Bank then initiated, and Mr. Malone consented to, a dismissal of the § 523(a)(2)(A) lawsuit and the adversary proceeding was closed.[17] The Stipulation simply states that the matter is dismissed by Plaintiff and that the attorney for the Debtors consents.

Two weeks later, Debtors filed their Motion requesting an award of attorney's fees and costs pursuant to § 523(d), and for approval of supplemental fees.

---

[14] *See* Doc. Nos. 17 & 19.

[15] Doc. No. 4, Adv. Pro. No. 10-80099-HB.

[16] See *Order on the Motion to Dismiss,* which also struck a portion of Plaintiff's Complaint that alleged that counsel for the Debtors improperly advised them to incur debt through the purchase of a vehicle during the same month they paid counsel to file their bankruptcy case. *See* Doc. No. 22 at 12, Adv. Pro. No. 10-80099-HB. The record of the hearing on this matter reflected that the Bank's assertion of any wrongdoing conducted by Debtors' counsel was unsubstantiated because the facts did not reflect any concrete basis for the allegation. Hr'g Mot. to Dismiss, Doc. No. 18, Adv. Pro. No. 10-80099-HB.

[17] *See Agreed Notice of Stipulated Dismissal* dismissing the Adversary Proceeding on May 5, 2011. (Doc. No. 52, Adv. Pro. No. 10-80099-HB). Prior to that time, on May 4, 2011, Mr. Malone filed a *Motion to Dismiss or Second Motion to Compel and Sanctions*, asking the Court, among other things, to compel the Bank to respond to discovery requests. Thereafter on May 5, 2011, Plaintiff filed a *Stipulation of Dismissal* that did not include the signature of counsel for Mr. Malone, and finally the *Agreed Notice of Stipulated Dismissal* was filed, bearing the signatures of counsel for both parties.

### DISCUSSION AND CONCLUSIONS OF LAW

The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and Local Civil Rule 83.XI.01, DSC. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (I). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### APPROVAL OF FEES AND COSTS

After review of the fee request and consideration of the Bank's objection, the Court finds that counsel's application includes a reasonable hourly rate and it appears that beneficial results were obtained in an efficient manner. The level of litigation necessary in this matter was unanticipated, and mostly defensive in nature. Overall, the Debtors were quite successful in their defense of claims and allegations against them and the bankruptcy estate. The requested fees in the amount of $11,352.00 are approved for payment.

### REQUEST PURSUANT TO § 523(D)

Courts are split as to whether a debtor must specifically request attorney's fees under § 523(d) in answer to a complaint, which was not done here. The conflicting opinions arise from the courts' reconciliation of the language of § 523(d) and Bankruptcy Rule 7008(b). Pursuant to the Bankruptcy Rules, "[a] request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, *answe*r, or reply as may be appropriate." Fed. R. Bankr. P. 7008(b) (emphasis added). However, § 523(d) provides that if a creditor files an adversary proceeding under § 523(a)(2) and the debt is discharged:

> the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the

> position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d).

The language of § 523(d) "puts plaintiff-creditors on notice that a debtor may seek an award of attorney's fees, and that such notice is sufficient to satisfy the principles behind the requirements of specific pleading rules." *Hartford Police F.C.U. v. DeMaio (In re DeMaio)*, 158 B.R. 890, 893 (Bankr. D. Conn. 1993) (citations omitted); *see also In re Melcher*, 322 B.R. 1, 5 (Bankr. D. Col. 2005). Therefore, Debtors' prompt request, made by the Motion after the matter was dismissed, is timely and appropriately before the Court.

Section 523(d) was originally enacted "to discourage creditors from initiating proceedings to obtain . . . a false financial statement exception to discharge in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees. Such practices impair the debtor's fresh start and are contrary to the spirit of the bankruptcy laws." S. Rep. No. 95-989, at 80 (1978) *reprinted in* 1978 U.S.C.C.A.N. 5787, 5866. "Congress was justifiably concerned that creditors would be able to use the threat of a section 523 nondischargeability proceeding to extract settlements from debtors whose debts would be dischargeable if litigated." *In re Williamson*, 181 B.R. 403, 409 (Bankr. W.D. Mo. 1995) (internal quotation marks and citations omitted).

To prevail on a § 523(d) motion, the Debtors must prove that: "(1) the Creditor requested a determination of dischargeability; (2) the debt is a consumer debt; and (3) the debt was discharged . . . Once the Debtor establishes these elements, the burden shifts to the Creditor to show that his actions were substantially justified." *Phillips v. Napier (In re*

7

*Napier*), 205 B.R. 900, 908 (Bankr. N.D. Ill. 1997). If there is no substantial justification for the creditor's actions, then the court must determine whether "any special circumstances exist which would make the award unjust." *Id.*

Starting at the end of the analysis, the Bank has not shown the Court any special circumstances that would make any award unjust. Consequently, the Court need not address this defense in detail. It is also undisputed that the debt in question is a consumer debt and that the Bank requested a determination of dischargeability pursuant to § 523(a)(2). The Court must, however, scrutinize the discharge element.

Section 1328(a) excepts from Chapter 13 discharges any debt "of the kind specified in . . . paragraph . . . (2) . . . of section 523(a)." 11 U.S.C. § 1328(a)(2). Bankruptcy Rule 4007(c) requires the filing of § 523(a)(2) challenges early in the case—within sixty (60) days after the creditors' meeting under § 341(a). Fed. R. Bankr. P. 4007(c). However, Chapter 13 debtors are due a discharge only upon completion of the plan (which takes up to five years) and satisfaction of various requirements. *See* 11 U.S.C. § 1328(a). As a result, applying § 523(d) in chapter 13 is awkward, yet it must be applied.

Just as there is no doubt that § 523(d) applies in chapter 13, "[t]here is no ambiguity about the requirement that the debt must be discharged before the remedies of § 523(d) can be obtained. . . . [However, if] the underlying bankruptcy case is under Chapter 13 of the Code, [d]ebtor will need some years to complete payments and then obtain her discharge." *Baptiste v. Baptiste (In re Baptiste)*, Bankr. No. 09 B 07338, Adv. No. 09 A 00707, 2010 WL 3834607, slip op. at *1 (Bankr. N.D. Ill. Sept. 24, 2010). The *Baptiste* court found that the discharge requirement is not a "deprivation of jurisdiction to

8

consider whether that recovery should be allowed conditional upon the discharge. . . ."[18] This Court agrees and now must turn to the question of whether the Bank's action under § 523(a)(2) was substantially justified.

"The affirmative defense of substantial justification found in § 523(d) was patterned after the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), and courts, therefore, often look to cases interpreting the similar language round there." *Walker v. Star USA Fed. Credit Union (In re Walker)*, 299 B.R. 141, 144 (S.D. W.Va. 2003) (quotation marks and citations omitted). When interpreting the term "substantially justified" under the EAJA, the Supreme Court found that:

> as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person.

*Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In actions asserting recovery under § 523(d), the creditor must show three criteria to establish a substantial justification at the time a complaint was filed: "(1) a reasonable basis in law for the theory it propounds; (2) a reasonable basis in truth for the facts alleged; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Walker*, 299 B.R. at 145 (citing *In re Grant*, 237 B.R. 97, 121 (Bankr. E.D. Va. 1999)).

"[A] position can be justified even though it is not correct, and we believe it can be substantially . . . justified if a reasonable person could think it correct . . ." *Pierce,* 487 U.S. at 566 n.2, 108 S.Ct. 2541. However, the creditor must meet a higher burden than

---

[18] The discharge may be granted upon the completion of the Chapter 13 plan, pursuant to § 1328(a), or upon any other provision as provided in the Code.

simply justifying the complaint under Federal Bankruptcy Rule 9011. *See id.* at 566, 108 S.Ct. 2541 ("To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."). Further, under the substantially justified analysis "the court must endeavor not to evaluate the reasonableness of a plaintiff's claim based on hindsight." *Melcher*, 322 B.R. at 7.

"Since it is the creditor's burden to demonstrate substantial justification, it is incumbent upon the plaintiff to illustrate how the evidence presented to the Court supported his case." *Davis v. Sasse (In re Sasse)*, 438 B.R. 631, 651 (Bankr. W.D. Wis. 2010). The Bank asserts that sufficient evidence of substantial justification can be found in the mere fact that the § 523(a)(2)(A) claim against Mr. Malone survived the contested motion to dismiss. Further, the Bank claims that Debtors did not successfully defend the adversary proceeding as purported in their Motion, because the Bank voluntarily dismissed the action as "a cost effective measure." These arguments offer ***no*** justification for the causes of action Bank asserted against Ms. Malone, including those under § 523(a)(2)[19], because Ms. Malone was not a party to the HELOC transaction between the Bank and Mr. Malone.

As stated in the dismissal order, the facts alleged in the Complaint as to Ms. Malone do not match the laws asserted therein to produce any liability on her part. The

---

[19] Bank also asserted § 523(a)(4) and (6) actions against both debtors that did not survive the Rule 12(b)(6) motion. However, the Court must focus on the § 523(a)(2) allegations, as there is no provision for attorney's fees and costs for unjustified allegations made pursuant to § 523(a)(4) and (6). The text of this Court's prior Order on the Motion to Dismiss indicates that the Bank failed to allege elements or facts necessary for the §523(a)(4) and (6) causes of action. Doc. No. 22 at 7, Adv. Pro. No. 10-80099-HB (stating that Plaintiff failed to allege that any fiduciary relationship existed, as required by § 523(a)(4)); *see also id.* at 8 ("Plaintiff refers to § 523(a)(6), but nowhere in the complaint is there a factual allegation containing any basis for a claim of willful and malicious injury to Plaintiff or its property."). The Court's prior finding that Bank did not sufficiently evaluate the circumstances and law before leveling accusations under the § 523(a)(4) and (6) claims against Debtors gives some indication of the amount of care exercised in initiating the adversary.

10

Court cannot find that the proceeding brought against Ms. Malone was justified at all. Her primary defense—that she was not responsible for the debt—was equally applicable to all causes of action in the Complaint. A judgment for fees incurred for her defense against the Bank's claims in the adversary proceeding shall be granted for the period of July 2, 2010 through October 1, 2010.[20]

The analysis to determine whether the Bank has met its burden of proving substantial justification for its action against Mr. Malone is slightly more difficult, due to the fact that the § 523(a)(2)(A) claim survived early dismissal. In its Complaint, the Bank simply alleged that Debtors violated § 523(a)(2); however, that Code section has two distinct parts. Subsection 523(a)(2)(A) excepts from discharge debt obligations obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Subsection 523(a)(2)(B) excepts from discharge debt obligations obtained by use of a written statement that was materially false with respect to debtor's financial condition on which the creditor reasonably relied. 11 U.S.C. § 523(a)(2)(B). Here, the Complaint was ambiguous because it did not differentiate between the two subsections of the provision.[21] Because the Bank was unclear about the nature of its § 523(a)(2) claim, Defendants had to challenge all possibilities.

---

[20] These are the relevant dates for when the adversary proceeding commenced and when Ms. Malone was dismissed from that proceeding.

[21] *See* Doc. No. 22 at 8-9, Adv. Pro. No. 10-80099-HB. In its prior Order, the Court noted that "Plaintiff refers to § 523(a)(2) in its Complaint without noting or differentiating its two subsections, which require significantly different allegations." The Court found that:
> Plaintiff does not allege that Defendants used a false written statement in order to obtain the initial HELOC to support its claims pursuant to § 523(a)(2)(B) or to obtain additional draws on that loan. Therefore, § 523(a)(2)(B) is not applicable and to the extent that Plaintiff relies on this code section any such causes of action must be dismissed.

*Id.* at 10.

11

Bank failed to sufficiently allege, let alone prove, the elements to a § 523(a)(2)(B) claim and, therefore, Bank was not substantially justified in asserting any such claim against Mr. Malone. If the Bank intended to exclude such a claim and pursue § 523(a)(2)(A) causes of action alone, it should have plead with more care to avoid added fees. Mr. Malone is entitled to an award of fees incurred in defending against the ambiguous § 523(a)(2) claim through the date of the Court's dismissal order.[22]

The § 523(a)(2)(A) cause of action against Mr. Malone was the sole survivor of the Motion to Dismiss. Debtors have met their burden of demonstrating that the elements of § 523(d) apply to Bank's pursuit of the § 523(a)(2)(A) claim, and now the Bank must show that its position in this matter was substantially justified. The Court does not have an abundance of evidence from which it can determine if the Bank's actions in pursuing this claim were substantially justified because the case ended before the facts were fully developed. All the Court can do is weigh the facts available from the record without the benefit of a final outcome.

This claim's survival of a motion to dismiss under Federal Rule 12(b)(6) provides some evidence that the action may be substantially justified.[23] However, merely surviving a Motion to Dismiss is insufficient because the allegations for that determination are assumed to be true—an assumption not required at this point in time for the analysis at hand. More to the point, the statute requires the Bank to show that its *position* was substantially justified, not merely the filing of the complaint. As the facts

---

[22] This includes all fees and costs incurred in the defense of this action from July 2, 2010, through October 1, 2010.

[23] *See Crowe v. Moran (In re Moran)*, 413 B.R. 168, 190 (Bankr. D. Del. 2009) (denying an award of attorney's fees to the debtor under § 523(d) at the motion to dismiss stage of the adversary proceeding. The bankruptcy court found that, assuming the allegations in the creditor's complaint were true—which is allowable at this juncture in the action—the nondischargeability claims against the debtor were meritorious, precluding an award of attorney's fees to the debtor).

develop, a creditor asserting a § 523(a)(2) claim must continue to assess its position—using standards that a reasonable person would apply—to avoid the application of § 523(d). "If the creditor has a sound case, acts in good faith, and has not been guilty of abusive practices in obtaining a false statement, the court is permitted to deny judgment for costs and attorney's fees even though the debtor may ultimately prevail after trial." 4 Collier on Bankruptcy ¶ 523.08[8] (16th ed. 2011). In this case, the Bank did not present any evidence, nor point to any portion of the record, other than the denial of the Motion to Dismiss, from which the Court could find that it pursued a sound case and acted in good faith in pursuing this matter.

The Bank's voluntary dismissal of the adversary proceeding speaks loudly to tell the Court that for some reason, Bank determined its position was not worthy of pursuit. The conclusory statement of Bank's counsel, explaining the dismissal away as a cost-saving measure, is insufficient. The Bank offered no testimony or other proof to explain the abandonment of the case, leaving the court without sufficient evidence to avoid application of § 523(d). Furthermore, the Bank neither provided nor asserted any special circumstances in this case that lead the Court to believe that an award of fees and costs would be unjust.

Therefore, Debtors are entitled to a judgment against Bank for the attorney's fees incurred for defense of the adversary proceeding upon discharge.[24]

---

[24] No costs were requested. Further, the court realizes that it may be years before Debtors receive their discharge and before judgment is entered due to the difficulty in applying § 523(d) in a chapter 13 proceeding. Therefore, at the time any judgment is requested, the Court will consider any requests for interest on this amount that are supported by applicable law.

13

**IT IS THEREFORE ORDERED:**

1. That Debtors' Application for Supplemental Fees is hereby granted in the amount of $ 11,352.00;

2. That, pursuant to § 523(d), Debtor Sonya Gaines Malone is entitled to a judgment against First Citizens Bank & Trust in the amount of her attorney's fees incurred during the defense of Adversary Proceeding No. 10-80099-HB, from July 2, 2010 through October 1, 2010[25], subject to the conditions of this order;

3. That, pursuant to § 523(d), Debtor Donald Lee Malone is entitled to a judgment against First Citizens Bank & Trust in the amount of his attorney's fees incurred during the defense of the § 523(a)(2) causes of action set forth in Adversary Proceeding No. 10-80099-HB, from July 2, 2010 through May 5, 2011[26], subject to the conditions of this order;

4. Upon filing of their application for discharge, Debtors may request entry of a judgment awarding attorney's fees and costs under § 523(d), consistent with this Order[27];

5. Until further order of this Court, the Chapter 13 Trustee is hereby ordered to hold any disbursements in this case payable to First Citizens Bank & Trust, its heirs or assigns. Upon entry of any judgment contemplated herein, the Trustee shall pay any held funds to Debtors (or their attorney, as directed by the Debtors in writing) to satisfy any unpaid portion of any judgment in favor of Debtors against First

---

[25] These are the relevant dates for when the adversary proceeding commenced and when Ms. Malone was dismissed from that proceeding.

[26] These are the relevant dates for when the adversary proceeding commenced and when Mr. Malone was dismissed from that proceeding.

[27] If Debtors fail to make this request, the Trustee may petition the Court for further instructions regarding disbursement of funds.

14

Citizens Bank & Trust for attorneys' fees and costs, thereafter releasing any excess funds to that claimant. Should a Chapter 13 plan not be confirmed or completed, and a discharge is not entered, First Citizens Bank & Trust, the Trustee, the Debtors or their counsel may petition the Court for instructions regarding the disposition of any held funds.

**AND IT IS SO ORDERED.**

## Chapter 13 Case, 10-02470-HB

| Pleading | Prevailing party | Status |
| --- | --- | --- |
| Bank's Proof of Claim 3-1 (Doc. Nos. 17, 19, 23, 28, 36) | Debtors | Objection to secured claim filed, sustained and allowed as $35,267.80 general unsecured claim. Claim order then vacated by agreement of the parties, claim withdrawn and consolidated into claim 4-2. |
| Bank's Proof of Claim 4-1 (Doc. Nos. 38, 39, 42, 66) | Debtors | Claim amended from $8,199.32 to $43,467.12 secured. Objection to secured claim, allowed as $8,199.32 secured, $35,267.80 unsecured. |
| Bank's Proof of Claim 5-1 | n/a | No objection, unsecured claim for $1,147.04. |
| Bank's Objection to Chapter 13 Plan and Related Motions (i.e., objection(s) to confirmation of plan) (Doc. Nos. 26, 43, 49) | Mostly debtors | Confirmation denied, but debtors granted 10 days to file amended plan paying Bank's claim as secured for $8,199.32 consistent with order on Debtors' objection o claim, remaining claims unsecured. |
| Bank's Motion to Dismiss Voluntary Petition (Doc. No. 27 & 49) | Debtors | Bank argued voluntary petition not filed in good faith, after evidentiary hearing Bank withdrew the Motion. |
| Bank's Objection Exemption (i.e., objection to amended schedules B and C) (Doc. No. 41, 50, 65) | Debtors | Amendment allowed over objection. |
| Debtors Chapter 13 Plan (as amended) (Doc. Nos. 22, 25, 37, 70, 71, 72, 79) | ? | Not yet confirmed. |

## Adversary Proceeding, 10-80099-HB

| Pleading | Prevailing party | Status |
| --- | --- | --- |
| Debtors' Motion to Strike Paragraph 38, Rule 12(f) (Doc. Nos. 5, 12, 22) | Debtors | Court granted Motion to Strike paragraphs of Complaint that alleged wrongful conduct by Debtors' counsel in filing the case, after it found the allegations were not sufficiently substantiated. |
| Bank's Motion to Disqualify (Defendant/Debtors')Counsel Pursuant to Rule 3.7 of South Carolina Rules of Professional Conduct (Doc. Nos. 10, 13, 20) | Debtors | Motion denied. |

16

| | | |
|---|---|---|
| Debtors' Motion to Dismiss Rule 12(b)(6) Failure to State a Cause of Action (re: claims pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) asserted against Ms. Malone) (Doc. Nos. 4, 11, 22) | Debtors (Ms. Malone) | Motion to Dismiss granted, Ms. Malone not responsible for the debt per the allegations of the Bank's complaint. |
| Debtors' Motion to Dismiss Rule 12(b)(6) Failure to State a Cause of Action (re: claims pursuant to 11 U.S.C. § 523(a)(2)(B), (4) and (6) asserted against Mr. Malone) (Doc. Nos. 4, 11, 22) | Debtors (Mr. Malone) | Motion to Dismiss granted pursuant to Rule 12(b)(6) |
| Debtors' Motion to Dismiss Rule 12(b)(6) Failure to State a Cause of Action (re: claims pursuant to 11 U.S.C. § 523(a)(2)(A) asserted against Mr. Malone) (Doc. Nos. 4, 11, 22) | Bank | Motion to Dismiss denied. |
| Bank's Objection to Demand for Jury Trial (re: remaining causes of action) (Doc. Nos. 25 &. 26) | Bank | Debtors withdrew the jury demand in the pleadings. |
| Debtor's First Motion to Compel and for Sanctions (Doc. Nos. 38, 40, 46) | Debtors (Mr. Malone) | Motion to Compel granted and request for sanctions withdrawn by Debtors. |
| Bank's Motion for *Ex Parte* Relief Denying Defendant's Motion to Compel (Doc. No. 43, 47) | Debtors (Mr. Malone) | Order granting Motion to Compel. |
| Debtors' Motion to Dismiss Adversary Proceeding or to Compel with Sanctions (Doc. No. 50) | Debtors (Mr. Malone) | Filed on May 4, 2011. Stipulation of Dismissal filed on May 5, 2011. |
| Causes of action against Mr. Malone pursuant to 11 U.S.C. § 523(a)(2)(A) (Doc. No. 52) | Debtors (Mr. Malone) | Voluntarily dismissed. |

17