**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-02470-hb**

# ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/28/2011**



US Bankruptcy Judge
District of South Carolina

Entered: 09/28/2011

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 10-02470-HB |
| | Chapter 13 |
| Donald Lee Malone and Sonya Gaines Malone, | ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |
| Debtor(s). | |

THIS MATTER came before the Court for hearing pursuant to the *Motion to Extend Time for Filing Notice of Appeal*[1] filed by First Citizens Bank & Trust Company, and Debtors' Objection thereto.[2] First Citizens asks for additional time to file a notice of appeal from this Court's *Order Approving Supplemental Fees and Recovery of Attorney's Fees Pursuant to 11 U.S.C. § 523(d)*[3], entered on August 29, 2011. In that Order, the Court approved fees of Debtors' counsel and conditionally shifted a portion of those fees to First Citizens, as provided in 11 U.S.C. § 523(d).[4] The relevant fees were incurred by Debtors in defending an action initiated by First Citizens pursuant to 11 U.S.C. § 523(a)(2).[5]

---

[1] Doc. No. 104, filed on September 16, 2011.
[2] Doc. No. 105, filed on September 20, 2011.
[3] Doc. No. 100.
[4] Section 523(d) of the Bankruptcy Code provides that if a creditor files an adversary proceeding under 11 U.S.C. § 523(a)(2) and the debt is discharged:
> the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

11 U.S.C. § 523(d) (West 2010).
[5] This matter also relates to Adv. Pro. No. 10-80099-hb. Section 523(a)(2) of the Bankruptcy Code provides that a discharge under 11 U.S.C. § 1328(b) does not discharge an individual debtor from any debt:
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > (B) use of a statement in writing—
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides that a notice of appeal must be filed within fourteen (14) days, mandating a deadline of September 12, 2011, in this matter. First Citizens missed this deadline and filed the extension request four (4) days later.

In support of its Motion, First Citizens presented the affidavits of two of its employees.[6] A review of the affidavits indicates that one affiant is in house counsel for First Citizens and is responsible for managing all consumer litigation—delegating some matters to other employees, including a Bankruptcy Coordinator. The other affiant has been the Bankruptcy Coordinator for First Citizens for three years. The Bankruptcy Coordinator affiant is in charge of the adversary proceeding and litigation involved in this case and is responsible for calendaring deadlines. However, the Bankruptcy Coordinator must consult with in house counsel regarding some litigation decisions and was not authorized to approve the filing of an appeal in this matter. First Citizens also employed an outside attorney to file pleadings in the bankruptcy court for this case. The Bankruptcy Coordinator was the primary contact for outside bankruptcy counsel and communication between them has been by "phone and/or e-mail."

The affidavits indicate that on Friday, September 2, 2011, former outside bankruptcy counsel[7] transmitted a note to the Bankruptcy Coordinator and in house counsel by electronic transmission (e-mail) informing them of entry of the Order and reminding them of the fourteen (14) day appeal period. The Bankruptcy Coordinator's

---

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
iv) that the debtor caused to be made or published with intent to deceive . . .

11 U.S.C. § 523(a)(2).

[6] The affidavits and supplemental affidavit are incorporated herein by reference. (Doc. Nos. 104 & 108).
[7] First Citizens retained new counsel for this Motion.

affidavit also indicates that former outside counsel transmitted a last minute reminder to her by e-mail at 10:29 p.m. on September 12, 2011, which she received upon arriving at work the next day. The affidavit further states "[t]hat on September 13, 2011, I received another e-mail from prior, outside counsel again inquiring about the appeal. I immediately recognized that such action exceeded my authority and contacted in house counsel."

The Bankruptcy Coordinator's stated reasons for her inattention to the initial e-mail notifying her of the appeal deadline include a doubling of her assigned workload since August 30, 2011, as a result of the unexpected medical leave of another staff member at First Citizens. Further, in house counsel explained that he did not respond or act because he was relying on the Bankruptcy Coordinator and former outside bankruptcy counsel to bring the matter to his attention, as he was not directly involved with the case beforehand.

Pursuant to Bankruptcy Rule 8002(c), a party may request an extension of time to appeal after the expiration of the fourteen (14) day period, but not later than twenty-one (21) days after the expiration of the time for filing a notice of appeal. Fed. R. Bankr. P. 8002(c)(2). Such a request may be granted upon a showing of excusable neglect. *Id.* First Citizens argues that these facts present a case of excusable neglect; Debtors disagree.

"Excusable neglect" is not defined by the Bankruptcy Code or Rules. However, in *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489 (1993), the Supreme Court set forth a two step process for determining whether excusable neglect exists. First, the Court must find that the failure to comply with the deadline was

a result of neglect. Second, the Court must determine that the neglect is excusable. *Id.* at 388, 113 S.Ct. 1489.

Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* Admittedly, there was neglect in this matter. Accordingly, the Court must determine whether it was excusable neglect by examining the following factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1498. All of the factors do not need to favor the moving party. "Instead, courts are to look for a synergy of several factors that conspire to push the analysis one way or the other." *In re 50-Off Stores, Inc.*, 220 B.R. 897, 901 (Bankr. W.D. Tex. 1998)).

In this case, there is no evidence that the movant acted in bad faith and the request was promptly filed, avoiding any unnecessary delay or prejudice. However, the Court's analysis cannot stop there, in view of the fact that "[w]hen deciding whether excusable neglect is present, numerous courts emphasize 'the reason for the delay' factor." *In re BI-LO*, C/A No. 09-02140-hb, slip op. at 14 (Bankr. D.S.C. Feb. 2, 2010) (citing numerous cases); *see also In re Spiegel, Inc.*, 385 B.R. 35, 40 (S.D.N.Y. 2008) ("However, as the first two factors will almost always favor the non-movant, and the fourth is rarely at issue, courts focus on the third factor.").

Although *Pioneer* involved a creditor who wished to file a late proof of claim under Rule 9006(b)(1), courts have applied the excusable neglect standard therein to cases involving untimely notices of appeal under Rule 8002(c). *See In re Kirkbride*, Adv.

No. 08-00211-8-AP, 2009 WL 3247837, at *2 (Bankr. E.D.N.C. Oct. 1, 2009) ("When determining whether a showing of excusable neglect has been made in the context of an untimely filed notice of appeal, the Fourth Circuit has routinely relied on the two-prong test set forth by the Supreme Court in *Pioneer* . . ." (citations omitted)).

> There is no good reason not to apply the *Pioneer* rationale to the "excusable neglect" requirement of Rule 8002(c). However, given the policy favoring finality of bankruptcy orders, acceleration of appeals, and the like, which underlies the time periods and requirements of Rule 8002, the equitable standard adopted by *Pioneer* should, in this context, *be rigorously applied so that excusable neglect is only infrequently found*.

10 *Collier on Bankruptcy* ¶ 8002.10 [2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2011) (emphasis added) (footnotes omitted).

After a painstaking comparison the facts of this matter to cases where excusable neglect was found to justify an extension, the Court finds that the requested relief cannot be granted because First Citizens has not shown the Court that its failure to meet the deadline was outside its reasonable control, as required by applicable authorities.

The *Pioneer* court commented that "upheaval" within an office alone is insufficient to find excusable neglect.[8] Ultimately, that is the only explanation provided here. Former outside bankruptcy counsel transmitted sufficient information to allow the timely filing of an appeal to two different First Citizens employees by e-mail—a normal and customary method for communicating about this litigation per the supporting affidavits. There is no indication that these notifications were not received; rather, they simply were not given the necessary attention. Although the affidavits indicate that one

---

[8] The *Pioneer* Court stated that it "give[s] little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398, 113 S.Ct. 1498 (1993). This Court sees no reason on these facts to differentiate between or give more credence to the increase in work in a law office and the increase in work experienced by the employees in the instant action.

of the two employees involved was busier than usual as a result of an unexpected absence, such events are not unusual in the workplace and do not necessarily lead to the passing of an important deadline without appropriate action. In this matter, the facts necessary to file a timely appeal were readily available to the movant's (1) Bankruptcy Coordinator, (2) in house counsel, and (3) outside bankruptcy counsel, yet no appeal was filed. Certainly, parties in litigation make mistakes; however, the question is not whether a mistake was made, but whether the explanation for the mistake is sufficient to meet the standard of excusable neglect as defined by case law.

Although not a bankruptcy case, in *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674 (9th Cir. 2009), the Ninth Circuit applied *Pioneer*'s excusable neglect analysis to a law firm's failure to file a timely appeal. *Id.* at 683. The *Los Altos* court ultimately concluded that it would not overturn the lower court's decision to grant an extension because it must abide by the Circuit's previously-adopted standard to "give great deference to the district court's [excusable neglect] determination." *Id.* (citing *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2009)). However, the Ninth Circuit discussed the "reason for the delay" analysis of excusable neglect which is instructive in this matter. The movant in *Los Altos* asserted various reasons for the delay, including a failure in the established procedure for calendaring court deadlines due to a change in personnel. *Id.* Like the instant case, "no prejudice would have resulted from a grant of the extension, and the delay was [minimal]."[9] *Id.* The Ninth Circuit recognized that *Pioneer* "gave little weight to 'upheaval in [a] law practice' as a compelling reason for a filing delay," *id.* (quoting *Pioneer*, 507 U.S. at 398, 113 S.Ct. 1489), and stated that "the

---

[9] In *Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674 (9th Cir. 2009), the movant filed its notice of appeal twelve (12) days after the deadline. *Id.* at 683.

error at issue here (failing to attach a document to an email) appears to be entirely within 'the reasonable control of the movant.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). It therefore appears that mere errors, failure of established procedures, inattention, and upheaval in an office are not sufficient to support a finding that the delay was not within the reasonable control of First Citizens, even if the delay is minimal and no prejudice exists. Mere inadvertence with regard to the appeal deadline is insufficient to find that the neglect was excusable. *See Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489 (stating that although excusable neglect is an "elastic concept," it generally does not include "inadvertence, ignorance of the rules, or mistakes construing the rules").

After a review of the *Pioneer* and *Los Altos* cases and other applicable authorities, applying the reasoning therein to the facts presented to the Court by affidavit[10], the Court finds that nothing outside of movant's reasonable control prevented it from filing a timely appeal. Therefore, the neglect cannot be characterized as excusable for the purposes of Rule 8002 and the Motion is **DENIED**.

**AND IT IS SO ORDERED.**

---

[10] No witness appeared at the hearing on behalf of First Citizens.